IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROD MARSHALL, KIMBERLY C. BUNJER QUICK, DAVID HAYES, RON FUCINARO, ROBERT HAYWORTH, and TIMOTHY MCCORMICK, Trustees of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Contractors, Laborers, Teamsters and Engineers Pension Plan, and LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1140, <br><br>Plaintiffs, <br><br>v. <br><br>THERESA BAGGETT, d/b/a Baggett Masonry, Inc., <br><br>Defendant. | 8:08CV168 <br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant's motion to set aside default judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b) and to set aside this court's order awarding attorney fees to the plaintiffs, Filing No. 30.  This lawsuit was filed on April 14, 2008; defendant received service two days later; the clerk of court entered default on July 1, 2008. Filing No. 9.  Defendant did not file a timely response to the complaint nor did she obtain counsel.  On July 25, 2008, this Court entered its first final default judgment against defendant for unpaid plan contributions in the amount of $29,303.38 plus liquidated damages and interest in the amount of $8,233.75.  Filing No. 12.   The Court ordered defendant to submit to an audit.  Id. On October 10, 2008, plaintiffs filed a motion to enforce the default judgment and the court ordered defendant to appear in court and submit to an audit.   Filing Nos. 13 and 15.  She did so on December 12, 2008.  On July

10, 2009, this Court entered judgment for the unpaid contributions and on August 3, 2009, for attorney's fees. Filings 26 and 27. Defendant then obtained counsel and on August 7, 2009, filed this motion to set aside the July 10, 2009, default judgment order and the August 3, 2009, order for attorney fees. Filing No. 30.

Under Rule 55(c), the court may set aside entry of default upon a showing of good cause. The factors used to decide whether to set aside entry of default under Rule 55(c) are the same as those used to set aside entry of default judgment under Rule 60(b)(1). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). To decide whether to set aside a default judgment under Rule 60(b)(1) for excusable neglect, a district court looks not just at the negligent act that caused the default but rather at "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). Such circumstances include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The Eighth Circuit also considers the existence of a meritorious defense a relevant factor. *Johnson*, 140 F.3d at 784. Relief under Rule 60(b) is only granted in "exceptional cases." *General Elec. Co. v. Lehnen*, 974 F.2d 66, 67 (8th Cir. 1992).

Plaintiffs brought this action against the defendant to obtain unpaid contributions to the welfare and pension plan pursuant to Contractors, Laborers, Teamsters and Engineers Health & Welfare and Pension Plans under 29 U.S.C. § 185(a) of the Labor Management Relations Act and 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Filing No. 1. Under the Agreement, Baggett Masonry, Inc. was required

to make contributions to the plans based on hours worked by employees of Baggett Masonry, Inc. Plaintiff argues that Baggett Masonry, Inc. made contributions to the plans during the term of the Masonry Construction Agreement through September 30, 2007. Filing No. 31, Ex. B, Theresa Baggett Aff., ¶ 7.

Plaintiffs argue that defendant's failure to respond was purposeful, willful and deliberate and cannot be set aside for excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1). Further, plaintiffs argue that defendant's alleged meritorious defenses lack merit. Plaintiffs argue that according to the Nebraska Secretary of State, Baggett Masonry, Inc., was administratively dissolved for non-payment of taxes in 2002, which was actually the third time it had been dissolved for non-payment of taxes. Filing No. 35, Ex. A. According to plaintiffs, on December 29, 2003, when Theresa Baggett signed the collective bargaining agreement, the corporation was dissolved. Finally, plaintiffs argue the plan will be highly prejudiced if the court sets aside the default judgment.

Defendant contends that she believed she had been sued only in her corporate capacity as President of Baggett Masonry, Inc. and never signed anything in her individual capacity, and that in her individual capacity she cannot be an employer under ERISA. Defendant argues that her failure to respond to the lawsuit was not willful and deliberate. She argues that the complaint was not pled in such a way so as to notify her that plaintiffs intended to hold her personally liable. Further, defendant argues that the outstanding occupation taxes in the amount of $104.00 have been paid and a Certificate of Revival issued. Filing No. 40, Ex. D., Egan Aff. ¶ 2, and Exs. 1 and 2. Defendant contends she did not know that such occupation taxes had lapsed, as the corporate address changed and she did not receive the notices from the Secretary of State. As further proof that she

believed the corporation was in existence, defendant states that Baggett Masonry, Inc. paid federal and state employment taxes, social security, unemployment and workers compensation through the corporation. Filing No. 31-3, ¶ 6, Baggett Aff. She further argues that the plan contributions at issue in this case were primarily for the calendar years 2007 and 2008, after her company's agreement with the union workers to pay plan contributions pursuant to a collective bargaining agreement had terminated. Defendant claims she supplied records pursuant to an audit request to the plaintiffs to show that the corporation did not owe any money for plan contributions after September 30, 2007.[1] And finally, she argues that she did not receive notice of the final default judgment hearing held on July 9, 2009 where this Court received evidence from the audit discussed above. See Filing No. 31-3, Baggett Aff. Following the final default judgment hearing, this Court awarded plaintiffs: $10,515.38 for contributions owed under the pension plan; $18,788.00 for contributions owed to the health and welfare plan; $8,233.75 for liquidated damages and interest; and attorney fees in the amount of $5,559.02. Filing Nos. 26 and 27.

The Court finds that the motion to set aside default judgment is denied. Defendant clearly received notice of the lawsuit and chose not to retain counsel until late 2009, a year and a half after the suit was filed. Defendant clearly received notice that she was required to answer the lawsuit. She chose not to do so. She did so at her peril. Further, she waited a significant length of time prior to filing her motion to set aside the judgment or

---

[1] Defendant contends that a new program was started by the Bricklayer's Union to cover labor employees. Thus, defendant states the Union received written notice that the Masonry Construction Agreement would expire September 30, 2007. As a result, defendant argues that it is not liable for the judgment entered by this Court. Filing No. 31-3, Baggett Aff.

appear in this case. The complaint was filed on April 14, 2008. Filing No. 1. Default was entered on July 1, 2008. Filing No. 9. The court filed its first default judgment on July 25, 2008, Filing No. 12, and final default judgment on July 8, 2009, Filing No. 25. The defendant filed her motion to set aside the judgment on August 19, 2009. Filing No. 30. The Court finds the plaintiff would be prejudiced if the Court set aside the default judgment, and significant time has passed as significant legal proceedings have occurred. Further, the Court finds no excusable reason for defendant's failure to defend this action. Accordingly, the Court will deny the motion to set aside the default judgment.

With regard to defendant's argument that she cannot be sued in her individual capacity, the Court agrees that Eight Circuit law protects officers of a corporation from being held personally liable where there is no basis for piercing the corporate veil. *Minn. Laborers H1 & W Fund v. Scanlan*, 360 F.3d 925, 928-29 (8th Cir. 2004); *Rockney v. Blohorn,* 822 F.2d 637, 643 (8th Cir. 1989). However, the Court again notes that defendant failed to raise this issue until well after significant legal proceedings had occurred and until after both the first and final default judgments were entered. Second, plaintiffs have made a clear showing that defendant failed to maintain her corporate status during the time in question.[2] Third, the complaint clearly refers to the defendant, Theresa Baggett, as an individual who operates a construction company. Filing No. 1, ¶ 7. The

---

[2]Defendant has now paid those fees, and is again apparently operating in a corporate capacity.

complaint says nothing about the defendant being a corporation.[3]  Accordingly, the Court finds the defendant's argument as to the merits of her claim likewise fails.

THEREFORE, IT IS ORDERED THAT plaintiff's motion to set aside default judgment, Filing No. 30, is denied.

DATED this 14th day of December, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[3]The Court does note that the caption reads Theresa Baggett, d/b/a Baggett Masonry, Inc. but finds that fact is insufficient to support defendant's argument that she did not know she was being sued.